IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLIFTON MONROE GRAVES | § |
| Petitioner, | § |
| VS. | § NO. 3-10-CV-2010-P-BD |
| RICK THALER, Director Texas Department of Criminal Justice, Correctional Institutions Division | § |
| Respondent. | § |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Clifton Monroe Graves, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

On June 18, 1999, petitioner was released to mandatory supervision after serving 20 years, or one-third, of a 60-year sentence for aggravated rape. Less than four years later, his release was revoked for unspecified violations. Petitioner was sent back to prison without credit for the time spent on mandatory supervision. He also forfeited all good conduct credits earned prior to his release. At his next parole review on December 9, 2009, petitioner was granted early release after successful completion of a TDCJ Rehabilitation Program. One of the special conditions of his release was participation in a Sex Offender Treatment Program ("SOTP"). Dissatisfied with the SOTP requirement and the other conditions of his release, petitioner filed an application for writ of habeas corpus in state court. His application was denied without written order. *Ex parte Graves*,

WR-11,499-11 (Tex. Crim. App. Sept. 8, 2010). Petitioner then filed this action in federal district court.[1]

II.

In four grounds for relief, petitioner contends that he is entitled to automatic release on mandatory supervision without special conditions under the law in effect at the time the offense was committed. According to petitioner, the failure of the parole board to release him under the prior law violates his right to due process, the prohibition against double jeopardy, and the *ex post facto* clause of the United States Constitution.

A.

All these claims are premised on petitioner's mistaken belief that he is entitled to credit on his 60-year sentence for "street time" while on mandatory supervision and good conduct credits earned prior to his release in 1999. Such is not the case. Under Texas law in effect at the time the underlying offense was committed:

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced.

TEX. CODE CRIM. PROC. ANN. art. 42.12 § 15(c) (Vernon 1977) (repealed), *now codified at* TEX. GOV'T CODE ANN. § 508.147(a) (Vernon 2004). Another statute allowed for the forfeiture of previously earned good conduct credits "[u]pon revocation of parole or mandatory supervision." TEX. REV. CIV. STAT. ANN. art. 6181-1 (Vernon 1977) (repealed), *now codified at* TEX. GOV'T CODE

---

[1] This is the second federal writ filed by petitioner. A prior writ challenging his conditional release to mandatory supervision in 1999, and the forfeiture of good conduct credits and "street time" credits upon the revocation of that release in 2003, was dismissed in part and denied in part. *See Graves v. Dretke*, No. 3-05-CV-0436-G, 2005 WL 2778543 at *1 (N.D. Tex. Oct. 25, 2005), *rec. adopted*, 2005 WL 3107689 (N.D. Tex. Nov. 18, 2005), *appeal dism'd*, No. 06-10097 (5th Cir. Jul. 11, 2006). To the extent petitioner attempts to relitigate any of those claims in this case, his claims are barred as successive.

ANN. § 498.004(b) (Vernon 2004 & Supp. 2009); *see also Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983) (good conduct credit is not a right, but a privilege which may be forfeited). Thus, petitioner has no constitutional or statutory right to good conduct credits earned prior to his release.

With respect to credit for "street time" while on mandatory supervision, the law in effect at the time petitioner committed the underlying offense allowed the parole board to disregard the "street time" a prisoner accumulated while on release. *See Haltom v. Owens*, 294 Fed.Appx. 917, 918, 2008 WL 4411559 at *1 (5th Cir. Sept. 30, 2008), *citing* TEX. GOV'T CODE ANN. § 508.283 (Vernon 1998). As a result, Texas prisoners, like petitioner, had no liberty interest in the retention of "street time" upon the revocation of parole or mandatory supervision. *Id.*, 2008 WL 4411559 at *1. However, under a 2001 amendment to the Texas Government Code:

> If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN. § 508.283(c) (Vernon 2004). This amendment governs the calculation of sentence credits in parole proceedings conducted after September 1, 2001, regardless of the date of conviction. *See Castleberry v. Quarterman*, No. 2-06-CV-0154-J, 2007 WL 1406537 at *2 (N.D. Tex. May 10, 2007). Succinctly stated, a parole violator is entitled to "street time" credits

accumulated while on release if two conditions are met: (1) the person is eligible for early release; and (2) the "remaining portion" of the sentence is less than the amount of time spent out on release. *See Weems v. Quarterman*, No. 3-07-CV-0576-K, 2009 WL 1683402 at *2 (N.D. Tex. Jun. 15, 2009), *citing Ex parte Spann*, 132 S.W.3d 390, 392-94 (Tex. Crim. App. 2004). The "remaining portion" of a sentence is that part of the sentence remaining on the date the violator is released on parole, less the time spent on release. *Id.* Although this amendment may create "a protected liberty interest in retention of street time by some prisoners whose release was revoked after September 1, 2001[,]" *Haltom*, 294 Fed.Appx. at 918-19, 2008 WL 4411559 at *1; *see also Whitley v. Dretke*, 111 Fed.Appx. 222, 223, 2004 WL 1895117 at *1 (5th Cir. Aug. 25, 2004), petitioner still has 30 years remaining on his 60-year sentence for aggravated rape -- far more than the four years he spent out on release. Therefore, he does not have a constitutionally protected liberty interest in the retention of "street time" credits.

B.

To the extent petitioner challenges the SOTP requirement and other conditions of release imposed by the Texas parole board, his claims are without merit. None of those conditions extend petitioner's custody beyond the original expiration date of his sentence. Nor do the changes in Texas law which require sex offenders to abide by special conditions of release alter the definition of the crime for which petitioner was convicted. Consequently, petitioner has failed to establish a constitutional violation. *See Johnson v. Johnson*, No. 4-00-CV-1889-A, 2001 WL 881284 at *3 (N.D. Tex. Jul. 26, 2001) (citing cases), *appeal dism'd*, No. 01-11045 (5th Cir. Feb. 7, 2002) (requirement that petitioner complete sex offender treatment program as condition of parole did not violate due process or *ex post facto* clause).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 17, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE